# UNITED STATES DISTRICT COURT
# IN THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| USA | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CR No. 06-374 |
| | § | |
| Armando Garcia, | § | |
|     Defendant. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO REDUCE SENTENCE

Pending before the Court is Defendant's Motion to Reduce Sentence (D.E. 23). For the following reasons, the motion is DENIED.

In general, the Court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c) (2006). The relevant exception allowed by this statute is found in the Federal Rules of Criminal Procedure. 18 U.S.C. § 3582(c)(1)(B) (2006); FED. R. CRIM. P. 35. Within seven days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error. FED. R. CRIM. P. 35(a). Within one year after sentencing, and upon the Government's motion, the Court may reduce a sentence if the defendant renders substantial assistance in investigating or prosecuting another person. FED. R. CRIM. P. 35(b).

The Motion to Reduce before the Court was not made by the United States Government. Furthermore, at this time there is not sufficient evidence before the Court of

substantial assistance or any other legal basis for a reduction in sentence. 18 U.S.C. § 3582(c) (2006); FED. R. CRIM. P. 35(a)–(c). Therefore, Defendant's Motion to Reduce Sentence (D.E. 23) is DENIED with prejudice. The Court would consider a reduction in sentence on proper motion from the Government, according to the standards of FED. R. CRIM. P. 35 and 18 U.S.C. § 3582(c).

Ordered this    29th    day of    September,    2006.

_____
HAYDEN HEAD
CHIEF JUDGE